UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

E & B REAL ESTATE SERVICES, INC.   )
d/b/a F.C. TUCKER EMGE REALTORS,   )
                                    )
         Plaintiff,           )
                                    )  CASE NO. 3:08-cv-0061-DFH-WGH
     v.                     )
                                    )
HOUSTON CASUALTY COMPANY,     )
                                    )
        Defendant.      )

ENTRY ON MOTION TO REMAND

Plaintiff E & B Real Estate Services, Inc. filed this action in state court alleging that Houston Casualty Company had breached its liability insurance contract and acted in bad faith.  The dispute has its origin in a demand made by buyers of a home sold through plaintiff's brokerage services.   The buyers experienced water damage and related problems in the basement of their home. They believed that plaintiff, its agent, and the seller had deliberately concealed those problems and lied about them in their disclosures to the buyers.   The buyers' attorney sent a demand letter offering to settle for $50,000.  E & B Real Estate promptly tendered the claim to Houston Casualty and asked for both defense and indemnification.  Houston Casualty denied coverage and declined to defend the matter.

E & B Real Estate's complaint in state court attaches the buyers' demand letter and says that Houston Casualty's breach of the insurance contract caused damage, including attorney fees, defense costs, and indemnification expenses on the underlying claim by the buyers.  The complaint also alleges that E & B Real Estate is entitled to punitive damages for bad faith breach of the insurance contract.

Houston Casualty removed to federal court based on diversity jurisdiction. Diversity of citizenship is complete.  E & B Real Estate has moved to remand, arguing that the amount in controversy does not exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332.  E & B Real Estate asserts in its motion to remand that it settled the buyers' underlying claim for just $3,000, and it asserts that "this matter could have been settled had Defendant Houston Casualty paid E & B $15,500.00 to cover its costs."  Mot. to Remand 4.  E & B Real Estate argues that its actual damages thus could not have exceeded $20,000, and that punitive damages could not have exceeded $50,000 pursuant to Indiana Code § 34-51-3-4, so that total damages could not have exceeded $75,000.

E & B Real Estate's arguments take advantage of hindsight and misinterpret the statutory cap on punitive damages.  The relevant time for assessing the amount in controversy is the time of removal.  See *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) (observing that the amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit

begins, or in the event of a removal, on the day the suit was removed), citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). The state of the record at that time was that E & B Real Estate faced an open claim with a settlement demand of $50,000, and that E & B Real Estate also sought defense costs and punitive damages. A settlement demand can reasonably be interpreted as indicating that the party making the demand would seek much more from a court or a jury. See *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816-17 (7th Cir. 2006) (finding that offer to settle for $60,000 implied that stakes at trial would have been higher than jurisdictional threshold unless plaintiff had greater than 80% chance of prevailing at trial). In other words, at the time of removal, actual damages for the alleged breach by Houston Casualty (liability on the underlying claim, plus defense costs and attorney fees) appeared that they could exceed $75,000 by themselves. Add in the possibility of punitive damages of up to three times compensatory damages, see Indiana Code § 34-51-3-4, and the amount in controversy easily exceeded the jurisdictional threshold. See *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (observing that punitive damages may count toward jurisdictional amount in controversy unless they would certainly be barred as a matter of law); *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519-20 (Ind. 1993) (holding that punitive damages are available under Indiana law for bad faith breach of insurance contracts).

Post-removal events, such as settlement of the underlying dispute, do not undermine the validity of the removal. *E.g.*, *Rising-Moore*, 435 F.3d at 816, citing

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).  E & B Real Estate has not provided any evidence of the underlying settlement with the buyers, or even its date.  E & B Real Estate's apparent reference to its own settlement demand of $15,500 also does not undermine the removal.  The court has no evidence of that demand either, but assuming it was made at a relevant time, it would not show by itself that the amount put in controversy by E & B Real Estate's state court complaint would not have exceeded $75,000.

E & B Real Estate's argument seems to assume that the combination of the $3,000 settlement with the buyers and its willingness to settle for an additional $15,500 at some point show that its compensatory damages could not have exceeded $20,000, so that with a punitive damage cap of $50,000, the amount in controversy could not have exceeded $75,000.  The first problem with that argument is that the Indiana statute caps punitive damages at the greater of three times compensatory damages or $50,000.  Ind. Code § 34-51-3-4.  Even if compensatory damages might have been limited to $20,000, punitive damages of three times that amount would have put the total amount in controversy above the threshold.  Also, the court does not see how one can necessarily equate a settlement demand with the total possible compensatory damages, which E & B Real Estate's argument seeks to do.

Accordingly, E & B Real Estate's motion to remand is hereby denied.  The court expresses no view on the merits of the underlying coverage issues, let alone

the bad faith claim.  Given plaintiff's modest description of its losses at this point,

though, perhaps an early settlement conference might be fruitful.


     So ordered.


Date:  August 13, 2008

                  _____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana


Copies to:

Stephen J. Peters
HARRISON & MOBERLY
speters@h-mlaw.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com